**H. Samuel KEMP, Plaintiff–Appellant,**

v.

**FAMILY INDEPENDENCE AGENCY; Doug Howard, Defendants– Appellees.**

No. 02–2443.

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2003.

Before BOGGS and SILER, Circuit Judges; and RICE, District Judge.*

*ORDER*

H. Samuel Kemp, a Michigan resident proceeding pro se, appeals a district court judgment dismissing his complaint filed under federal question jurisdiction. 28 U.S.C. § 1331. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kemp was employed by the Oakland County Family Independence Agency ("FIA"). On April 30, 2002, he filed a complaint alleging retaliatory suspensions and removal of bulletin board postings in violation of his First Amendment rights. The alleged retaliatory suspensions resulted from e-mails that Kemp had sent to various FIA superiors complaining about job matters. The postings that were removed described "great" and "lousy" managers, and encouraged lawsuits against the employer and complaints about disrespectful customers. Kemp was never disciplined for the postings.

In an order filed September 10, 2002, the district court granted partial summary judgment for the defendants on Kemp's retaliatory suspensions claim. Specifically, the court held that Kemp's claim failed to satisfy the first step of a prima facie case of retaliation because his speech, which concerned purely private or internal matters, fell outside the protection afforded by the First Amendment.

In an order filed November 26, 2002, the district court held that inasmuch as the union bulletin board within the FIA's office is a nonpublic forum and Kemp's postings were outside the government's purpose in furnishing the forum, the defendants did not violate Kemp's First Amendment rights by removing the postings. Accordingly, summary judgment on Kemp's remaining claim was granted in favor of the defendants.

In his timely appeal, Kemp argues that the district court erred in granting summary judgment for the defendants on his First Amendment claim regarding the removal of the postings.

Initially, we note that Kemp does not raise his retaliatory suspensions claim. Because he has abandoned this claim on appeal, it is not reviewable. *See McMurphy v. City of Flushing,* 802 F.2d 191, 198–99 (6th Cir.1986).

We review de novo the district court's grant of summary judgment. *See Moore v. Philip Morris Cos.,* 8 F.3d 335, 339 (6th

* The Honorable Walter Herbert Rice, United States Chief District Judge for the Southern District of Ohio, sitting by designation.

Cir.1993). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Upon review, we conclude that the district court did not err in granting summary judgment in favor of the defendants. Because the district court articulated specific reasons for the decision regarding Kemp's remaining First Amendment claim, we conclude that the issuance of a detailed written opinion would serve no useful purpose. *See, e.g., Ellis v. United States,* No. 97–2077, 1998 WL 777995 (6th Cir. Oct.21, 1998) (unpublished) (affirming for the reasons employed by the district court).

Accordingly, we affirm the district court's order for the reasons stated by the court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.